# In the United States Court of Federal Claims

No. 26-773
(Filed: September 11, 2026)

```
************************************
CHRISTOPHER L. STEWART,            *
                                   *
                 Plaintiff,        *
                                   *
        v.                         *
                                   *
THE UNITED STATES,                 *
                                   *
                 Defendant.        *
************************************
```

**DISMISSAL ORDER**

Christopher L. Stewart, a *pro se* plaintiff who is incarcerated in Colorado, filed a complaint in this Court on May 26, 2026. Compl. [ECF 1]. The government responded by filing a motion to dismiss pursuant to Rule 12(b)(1) of the Rules of the United States Court of Federal Claims ("RCFC") on June 29, 2026. Def.'s Mot. to Dismiss [ECF 9]. On July 6, and 7, 2026, Mr. Stewart filed several documents that the Clerk's Office did not file because the documents did not comply with several provisions of the RCFC. Subsequently, the Court directed the Clerk to file the documents by leave of the Judge. [ECF 10].

Based on a review of the complaint and amended complaint, the Court finds that Mr. Stewart does not allege any claim that falls within the jurisdiction of this Court. "Subject-matter jurisdiction may be challenged at any time by the parties or by the court *sua sponte*." *Folden v. United States*, 379 F.3d 1344, 1354 (Fed. Cir. 2004) (citation omitted). "While a *pro se* plaintiff is held to a less stringent standard than that of a plaintiff represented by an attorney, . . . the *pro se* plaintiff, nevertheless, bears the burden of establishing the Court's jurisdiction by a preponderance of the evidence." *Riles v. United States*, 93 Fed. Cl. 163, 165 (2010) (first citing *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); and then citing *Taylor v. United States*, 303 F.3d 1357, 1359 (Fed. Cir. 2002), *reh'g and reh'g en banc denied*, 303 F.3d 1357 (Fed. Cir. 2002)).

The Tucker Act grants this Court jurisdiction over "any claim for money damages against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). However, the Tucker Act does not grant this Court jurisdiction "if the relief sought is against others than the United States[.]" *United States v. Sherwood*, 312 U.S. 584, 588 (1941). In other words, "[t]his court does not have jurisdiction over any claims alleged against states, localities, state and local government entities, or state and local government officials and employees; jurisdiction only extends to suits against the United States itself." *Anderson v. United States*, 117 Fed. Cl. 330, 331 (2014) (first citing *Sherwood*, 312 U.S. at 588; then citing *Brown v. United*

*States*, 105 F.3d 621, 624 (Fed. Cir. 1997), *reh'g denied*, 105 F.3d 621 (Fed. Cir. 1997); and then citing *Smith v. United States*, 99 Fed. Cl. 581, 583-84 (2011)). Additionally, "[t]he Tucker Act is merely a jurisdictional statute and does not create a substantive cause of action." *Rick's Mushrooms Serv., Inc. v. United States*, 521 F.3d 1338, 1343 (Fed. Cir. 2008) (citing *United States v. Testan*, 424 U.S. 392, 398 (1976)). "To invoke this Court's jurisdiction under the Tucker Act, Plaintiff's claim must identify a separate substantive right to money damages from the Government arising out of contract, statute, regulation, or constitutional provision." *Pieczynski v. United States*, 178 Fed. Cl. 311, 316 (2025) (citing *Jan's Helicopter Serv., Inc. v. Fed. Aviation Admin.*, 525 F.3d 1299, 1309 (Fed. Cir. 2008), *aff'd*, No. 26-1043, 2026 WL 1999509 (Fed. Cir. July 10, 2026). Lastly, the Court of Federal Claims lacks jurisdiction to review decisions by and cases pending before federal district courts. *Pieczynski v. United States*, No. 26-1043, 2026 WL 1999509, at *2 (Fed. Cir. July 10, 2026) (citations omitted).

Mr. Stewart's complaint alleges that "[t]he State of Colorado has put every mandate from the US Court of Federal Claims into a case that has been dismissed for lack of jurisdiction, [ECF 1] at 2, and asks this Court to "[r]emand [to] the [D]istrict [of] Colorado and recover [the] amount that they failed to award," *id.* at 3. In his motion to accept his inmate account and amend his complaint, Mr. Stewart requests "to amend the first complaint to a matter of diversity fraud re: a transfer case." [ECF 11] at 1 (capitalization omitted). In addition, Mr. Stewart's amended complaint states that he "filed a complaint of multi district litigation in the Middle District of Louisiana and the District [of] Colorado" and that "the case in Louisiana is 3:19cv00606 and [of] Colorado 1:19cv00606" and that "the case went cold in Louisiana and nothing is right with the case in Colorado." Amend. Compl. [ECF 13] at 1 (capitalization omitted). He claims that "[t]he District [of] Colorado is violating [his] 1st Am[]endment right[s] by commit[t]ing diversity fraud," *id.* at 2, and asks the Court to "[r]everse and remand the diversity fraud and consolidate with the case in the Middle District of Louisiana," *id.* at 3.

Even when liberally construed, Mr. Stewart's complaint and amended complaint fail to contain any claims against the United States. First, he fails to cite any money-mandating source of law to satisfy this Court's jurisdictional requirements. *See Pieczynski*, 178 Fed. Cl. at 316 (citing *Jan's Helicopter Serv., Inc.*, 525 F.3d at 1309). Second, to the extent that Mr. Stewart claims any recourse against the State of Colorado, this Court's jurisdiction extends only to claims against the United States and not to claims against state governments. *See Anderson*, 117 Fed. Cl. at 331 (citing *Sherwood*, 312 U.S. at 588). Third, this Court does not have the authority to review cases decided by or pending before a district court. *See Pieczynski*, 2026 WL 1999509, at *2; *see also Greene v. United States*, No. 03-1677, 2007 WL 5161751, at *6 (Fed. Cl. Apr. 2, 2007) (stating that "[o]ur court is not the forum for second-guessing or appealing decisions of United States district courts").

Under 28 U.S.C. § 1631, "[w]henever a civil action is filed in a court . . . and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action . . . to any other such court . . . in which the action . . . could have been brought at the time it was filed or noticed[.]" Thus, to transfer a case under 28 U.S.C. § 1631, "the transferor court must lack jurisdiction; [] the transfer must be in the interest of justice; and [] the transferee court must be one in which the action could have been brought at the time the claim was filed." *Young v. United States*, 88 Fed. Cl. 283, 292 (2009) (collecting cases), *appeal dismissed*, 367

Fed. App'x 125 (Fed. Cir. 2009). While this Court lacks jurisdiction over Mr. Stewart's complaint, the Court finds that it is not in the interest of justice to transfer it. Mr. Stewart "does not provide a sufficiently clear description of the nature of the wrongs alleged such that this court is able to determine with any reasonable degree of certainty the court to which transfer would be appropriate." *Reid v. United States*, 95 Fed. Cl. 243, 250 (2010). Moreover, due to the lack of clarity, the Court does not view Mr. Stewart's claims as "nonfrivolous [such that they] should be decided on the merits." *Galloway Farms, Inc. v. United States*, 834 F.2d 998, 1000 (Fed. Cir. 1987) (citation omitted). Finally, to the extent Mr. Stewart seeks to pursue his claims in either the Middle District of Louisiana or District of Colorado, his litigation history shows that he has already attempted to do so. *See Pollack v. United States*, 498 Fed. App'x. 19, 22 (Fed. Cir. 2012) (affirming decision not to transfer case where complaint was unclear on alleged wrong and arguments had already been reviewed by appellate forum).[1]

---

[1] Mr. Stewart refers to a case filed in the District Court for the Middle District of Louisiana, *Stewart v. Quality Carriers, Inc.*, No. 19-606 (M.D. La. dismissed Jan. 12, 2022), in which Mr. Stewart was represented by counsel. Following a successful settlement conference, *id.*, [ECF 107], it appears that Mr. Stewart attempted to pursue an appeal in that case on similar grounds as raised in the instant case, *see id.*, [ECF 106] at 1 (raising as issues on appeal "[d]iversity [f]raud in MDL case 1:19cv00606 in the District of Colorado with case 19-00606 receipt # ALAMDC 200359 and misconduct regarding diversity marine product liability"). However, the judge in that case rejected Mr. Stewart's appeal attempt on the grounds that "there is no final judgment on the merits that could form the basis of an appeal" and that Mr. Stewart "has not filed a notice of appeal nor any other pending motion that requires payment." *Id.*, [ECF 107] at 1.

With respect to Mr. Stewart's reference to a case filed in the District Court for the District of Colorado, the case number referenced by Mr. Stewart relates to a closed case in which Mr. Stewart is not listed as a party. *See Bath v. Am. Express Nat'l Bank*, No. 19-606 (D. Colo. Oct. 25, 2019). Based on a search of all cases filed in the District Court for the District of Colorado that list Christopher Stewart as plaintiff, the Court identified several cases, all of which have been closed. *See Stewart v. Comm'r, Soc. Sec. Admin.*, No. 21-2419 (D. Colo. Sept. 30, 2021); *Stewart v. City & Cnty. of Denver*, No. 21-2506, 2021 WL 11705754 (D. Colo. Nov. 2, 2021), *adopting report and recommendation*, 2021 WL 11705741 (D. Colo. Nov. 29, 2021); *Stewart v. Alfred A. Arraj U.S. Courthouse*, No. 21-3287 (D. Colo. Jan. 18, 2022); *Stewart v. Alfred A. Arraj U.S. Courthouse*, No. 22-31 (D. Colo. Jan. 24, 2022), *appeal dismissed*, No. 25-1669 (Fed. Cir. Sept. 29, 2025); *Stewart v. City & Cnty. of Denver Dist. Ct.*, No. 22-1156, 2022 WL 18216098 (D. Colo. June 30, 2022), *adopting report and recommendation*, 2022 WL 18216062 (D. Colo. Aug. 2, 2022), *appeal dismissed*, No. 23-1006, 2023 WL 4339292 (10th Cir. Feb. 14, 2023); *Stewart v. Colorado*, No. 24-2159, 2024 WL 7038958 (D. Colo. Oct. 28, 2024), *adopting report and recommendation*, 2024 WL 7038959 (D. Colo. Nov. 18, 2024), *appeal dismissed*, No. 25-1649, 2025 WL 2751909 (Fed. Cir. Sept. 29, 2025); *Stewart v. U.S. Dist. Ct. for the Dist. of Colo.*, No. 24-3131 (D. Colo. Dec. 20, 2024); *Stewart v. U.S. Dist. Ct. for the Dist. of Colo.*, No. 24-3132 (D. Colo. Dec. 20, 2024); *Stewart v. Fed. Reg.*, No. 24-3216 (D. Colo. Jan. 7, 2025); *Stewart v. Colo. Sup. Ct.*, No. 24-3514 (D. Colo. Jan. 30, 2025); *Stewart v. Foreign Sovereign Immunities Act*, No. 25-128 (D. Colo. Feb. 20, 2025); *Stewart v. United States*, No. 25-3615 (D. Colo. Jan. 8, 2026); *Stewart v. Denver Cnty. Jail*, No. 25-3855 (D. Colo. Jan. 9, 2026). Two of the cases in the District Court for the District of Colorado were transferred from the District Court for the Middle District of Louisiana. *See Stewart*, No. 24-3131; *Stewart*, No. 24-3132.

Accordingly, for the reasons set forth above, Mr. Stewart's complaint must be **DISMISSED** for lack of subject-matter jurisdiction. *See* RCFC 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). The Clerk is hereby **DIRECTED** to enter judgment consistent with this opinion. Additionally, the Court **DENIES AS MOOT** the government's motion to dismiss, [ECF 9], and **GRANTS** Mr. Stewart's motion to accept inmate account and to amend complaint, [ECF 11], and his second motion to amend complaint, [ECF 12].

**IT IS SO ORDERED.**

s/ Thompson M. Dietz
THOMPSON M. DIETZ, Judge